FILED
2016 Mar-21 PM 04:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STATE OF ALABAMA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cv-00029-JEO |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>OPPOSITION TO NON-PARTIES' MOTION FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF GOVERNMENT'S MOTION TO DISMISS IN THE ABSENCE OF CONSENT OF THE PARTIES</u>**

The State of Alabama and the other plaintiffs respectfully oppose the motion for leave to file an amicus brief by the Southern Poverty Law Center and other non-parties (collectively, "Movants") in support of the government's motion to dismiss, and show the Court as follows:

1. This District does not have rules governing motions for leave to file an amicus brief. That fact counsels in favor of exercising great caution and restraint before letting any non-parties interject under the guise of friend of the court. With respect to amicus briefs at the trial court level in particular, "a district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an amicus brief unless, as a party, although short of a right to intervene, the amicus has a special interest that justifies his having a say, or unless the court

feels that existing counsel may need supplementing assistance." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970).

2. Neither the plaintiffs nor the defendants have provided consent to the filing of an amicus brief in this case.[1] Thus, joint consent is lacking.

3. Movants have no interest – much less a "special interest" – in the issues presented by the parties. This case is narrowly drawn, and deals only with Alabama's rights to be involved in the refugee resettlement program and the federal government's corollary statutory obligation to recognize and respect those rights. The government has filed a motion to dismiss, which is also narrowly drawn and seeks dismissal solely on the grounds that Alabama has no right to sue and even if it did, it would not be entitled to the relief it requests. *See* Government's Brief, doc. 7-1. In due course, the State will demonstrate to this Court that the government's motion is due to be denied because Alabama is entitled to be consulted and involved in the refugee resettlement program prior to refugees' entry into the State, under federal law, and Alabama may sue to enforce those rights.

4. Instead of addressing the narrowly drawn issues the parties have raised, Movants attempt to interject specious equal protection arguments that are not relevant to the issues before the Court. *See* Motion For Leave, doc. 12, ¶ 2

[1] The defendants take "no position" on the motion; they do not consent to it.

(seeking leave to present a new legal basis for dismissal, not raised in the government's motion to dismiss).

5. Movants ask for permission to interject new and non-germane issues into this case and argue that Alabama is violating equal protection by insisting on its federal statutory rights to be involved in the refugee resettlement program. Movants' request is illegitimate, baseless, and totally inappropriate for a proposed amicus. "[T]he bright line between an amicus and a named party centers around control of the litigation. The named parties should always remain in control, with the amicus merely responding to the issues presented by the parties. **An amicus cannot initiate, create, extend, or enlarge issues**." *Wyatt By & Through Rawlins v. Hanan*, 868 F. Supp. 1356, 1358-59 (M.D. Ala. 1994) (Thompson, C.J.) (emphasis added); *see also Richardson v. Alabama State Bd. of Educ.*, 935 F.2d 1240, 1247 (11th Cir. 1991) (because "arguments raised only by amici may not be considered" on appeal, holding that "[w]e will not consider on appeal Title VII defenses that were neither raised in the district court nor argued by appellants on appeal.").

6. At best, Movants proffer an interest in the refugee resettlement program working the way it is supposed to work, but that interest is no different from the interest the public at large has in the enforcement of federal law—enforcement Alabama seeks in its complaint. The parties themselves – the State on

the one hand and the federal government on the other – are already vigorously and adequately pursuing that interest by litigating the very issue of whether the program is being administered in compliance with federal law or not.

7. Moreover, Movants cannot speak for the government or any of the defendants in this case. 28 U.S.C. § 516 ("Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General."). And the lawyers with the Department of Justice who do speak for the government have neither requested nor need "supplementing assistance" from Movants on the issues the parties have raised, which are the only issues properly before this Court.

8. Looking to the rules employed for amicus briefs in appeals, the motion for leave is due to be denied on those grounds as well. Under Federal Rule of Appellate Procedure 29(b), Movants fail to "'meet the requirements of (a) an adequate interest, (b) desirability, and (c) relevance'" and therefore they "should not be granted leave to file" their proposed amicus brief. *Maples v. Thomas*, No. 5:03-CV-2399-SLB-MHH, 2013 WL 5350669, at *2 (N.D. Ala. Sept. 23, 2013) (Blackburn, C.J.) (quoting *Neonatology Assoc., P.A. v. C.I.R.*, 293 F.3d 128, 131 (3rd Cir. 2001)).

9. First, as noted above, Movants do not have an adequate interest or jurisdictional standing. Second, it is undesirable for non-parties to interject in the litigation when that is the case. Third, that is especially true when they have nothing relevant to say.

10. In its Rule 37(1), the United States Supreme Court notes that relevance, which is sorely lacking here, is the touchstone for considering whether to permit amicus briefing: "An *amicus curiae* brief that brings to the attention of the Court relevant matter not already brought to its attention by the parties may be of considerable help to the Court. An *amicus curiae* brief that does not serve this purpose burdens the Court, and its filing is not favored." As set forth above, contrary to the bright-line rule for amicus briefs, Movants attempt to introduce new issues that are not before the Court; they do not offer argument relevant to the issues the parties have raised.

11. Finally, the fact that Movants attempt to submit new issues not presently before the Court in a blatantly partisan fashion is even more reason to decline their request. *See United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991) ("Rather than seeking to come as a 'friend of the court' and provide the court with an objective, dispassionate, neutral discussion of the issues, it is apparent that the NYCLU has come as an advocate for one side, having only

the facts of one side at the time. In doing so, it does the court, itself and fundamental notions of fairness a disservice.”).

For these reasons, in the absence of the consent of the parties, the plaintiffs respectfully request that the Court deny the motion for leave to file an amicus brief and decline to allow Movants to expand this case to include issues other than those the parties have framed and placed before the Court.

DATED: March 21, 2016

Respectfully submitted,

s/ Robert K. Spotswood
Robert K. Spotswood
Joshua K. Payne
Deputy Attorneys General
SPOTSWOOD SANSOM & SANSBURY LLC
One Federal Place
1819 Fifth Avenue North, Suite 1050
Birmingham, Alabama 35203
TEL: (205) 986-3620
FAX: (205) 986-3639
rks@spotswoodllc.com
jpayne@spotswoodllc.com

David B. Byrne, Jr.
Chief Legal Advisor
OFFICE OF GOVERNOR ROBERT BENTLEY
Alabama State Capitol
600 Dexter Avenue, Suite NB-05
Montgomery, Alabama 36130
TEL: (334) 242-7120
FAX: (334) 242-2335
pam.chesnutt@governor.alabama.gov

*Attorneys for the Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that, on March 21, 2016, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide electronic notice to counsel of record.

s/ Joshua K. Payne
OF COUNSEL