FILED

2016 Apr-19  PM 12:03
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| STATE OF ALABAMA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cv-00029-JEO |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR LEAVE TO FILE SUR-REPLY IN RESPONSE TO NEW GROUND FOR DISMISSAL RAISED FOR THE FIRST TIME IN THE GOVERNMENT'S REPLY BRIEF** [1]

The State of Alabama and the other plaintiffs respectfully move for leave to respond to the sovereign immunity ground for dismissal, which the government raised for the first time in its reply in support of its motion to dismiss.

1. On March 8, 2016, the government filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* docs. 7 (motion) and 7-1 (brief). In its brief, the government argued that the Refugee Act of 1980, as amended, "does not itself create a cause of action" for Alabama to sue for enforcement of its consultation rights. Doc. 7-1 at 11.

---

[1] Counsel for plaintiffs shared this motion, but not the proposed sur-reply, with counsel for defendants prior to filing it. Counsel for defendants informed counsel for plaintiffs that defendants can take no position on the motion until after the proposed sur-reply has been filed.

2.      The government argued that the Act contained no implied right of action. *See id.* at 11-14. As a predicate to its argument, the government observed that the Act "has no express provision creating a private cause of action for Sates," but nowhere in its brief did the government say that in the absence of an express right of action, Alabama's claim would be barred by sovereign immunity. *Id.* at 12.

3.      In direct response to the government's argument in its brief, Alabama filed an opposition on March 24, 2016, and demonstrated that the Act does provide an implied right of action. Doc. 19 at 2-13.

4.      On April 12, 2016, the government filed a reply in support of its motion to dismiss, and argued, for the first time, that because the Act does not contain an express provision for suit, claims under the Act are barred by sovereign immunity. Doc. 23 at 1-2.

5.      In fairness, if the Court is going to entertain the government's sovereign immunity argument, Alabama should be afforded an opportunity to respond to it. *See Morgan v. Bill Vann Co.*, No. CIV.A. 11-0535-WS-B, 2013 WL 4657510, at *3 n.8 (S.D. Ala. Aug. 30, 2013) (stating that "ordinarily federal courts do not consider arguments presented for the first time in reply briefs" and noting that opponent's options are "ask[ing] for leave to file a sur-reply" to address the argument or "mov[ing] to strike it as untimely presented"); *Bashir v. Nat'l R.R. Passenger Corp. (Amtrak)*, 929 F. Supp. 404, 413 (S.D. Fla. 1996) *aff'd sub nom.*

*Bashir v. Amtrak*, 119 F.3d 929 (11th Cir. 1997) ("[B]ecause Defendants raised this argument in their reply in support of their motion, rather than in the motion itself, it is not properly before the Court. It would be improper for the Court to entertain this argument without first allowing Plaintiff an opportunity to respond."); *Alliant Tax Credit Fund 31-A, Ltd. v. Murphy*, No. 1:11-CV-00832-RWS, 2011 WL 3156339, at *3 (N.D. Ga. July 26, 2011) ("[I]t is common practice for the Court not to hear arguments raised for the first time in a reply brief." (citing *United States v. Oakley*, 744 F.2d 1553, 1556 (11th Cir. 1984) ("Arguments raised for the first time in a reply brief are not properly before the reviewing court."); *United States v. Ga. Dep't of Natural Res.*, 897 F. Supp. 1464, 1471 (N.D. Ga. 1995) ("This court will not consider arguments raised for the first time in a reply brief."))).

Accordingly, plaintiffs respectfully request that the Court grant them leave to file the attached proposed sur-reply.

3

DATED: April 19, 2016                    Respectfully submitted,

                                         s/ Robert K. Spotswood
                                         _____
David B. Byrne, Jr.                      Robert K. Spotswood
*Chief Legal Advisor*                    Joshua K. Payne
Carrie Ellis McCollum                    *Deputy Attorneys General*
*Deputy Legal Advisor*                   SPOTSWOOD SANSOM &
OFFICE OF GOVERNOR ROBERT                SANSBURY LLC
BENTLEY                                  One Federal Place
Alabama State Capitol                    1819 Fifth Avenue North, Suite 1050
600 Dexter Avenue, Suite NB-05           Birmingham, Alabama 35203
Montgomery, Alabama 36130                TEL: (205) 986-3620
TEL: (334) 242-7120                      FAX: (205) 986-3639
FAX: (334) 242-2335                      rks@spotswoodllc.com
pam.chesnutt@governor.alabama.gov        jpayne@spotswoodllc.com
carrie.mccollum@governor.alabama.gov

*Attorneys for the Plaintiffs*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on April 19, 2016, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide electronic notice to counsel of record.

s/ Joshua K. Payne
OF COUNSEL