FILED
2016 Apr-22  PM 12:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:16-cv-00029-JEO |
| ) | |
| ) | **OPPOSED** |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR ENTRY OF PROTECTIVE ORDERS

The State of Alabama and the other plaintiffs respectfully move for entry of the attached proposed protective orders.

1. On March 18, 2016, this Court entered its Initial Order Governing All Further Proceedings (doc. 11). In that Order, the Court directed the parties to hold their Federal Rule of Civil Procedure 26(f) conference no later than 21 days from March 18, that is, by April 8.

2. Pursuant to that Order, on March 31, counsel for plaintiffs wrote to counsel for defendants in an effort to schedule the conference. Counsel for defendants responded the same day, and the conference was scheduled for April 7.

3. On April 7, the parties met and conferred via telephone and discussed the matters outlined in the Order and in Rule 26(f).

4. In compliance with this Court's Order and Rule 26(f), the parties discussed a protective order under Fed. R. Evid. 502 and a general protective order. Plaintiffs agreed to share draft proposed protective orders with defendants.

5. On April 18, counsel for plaintiffs sent counsel for defendants those draft proposed protective orders, one under Fed. R. Evid. 502 and the other a general protective order.

6. On April 20, counsel for defendants informed counsel for plaintiffs that defendants declined to comment on the proposed protective orders at this time, because defendants intend to move for a stay of discovery pending a ruling on the motion to dismiss.

7. Counsel for plaintiffs informed counsel for defendants that plaintiffs may submit the proposed protective orders to the Court, and again invited comments from defendants. Defendants continued to decline to provide comments on the proposed protective orders at this time.[1] For that reason, plaintiffs do not

---

[1] Plaintiffs expressed an openness to providing defendants more time to review the orders, if needed, but defendants continued to decline to provide comments on the orders at this time. Instead, defendants asked plaintiffs to include the following statement in this motion: "Defendants oppose plaintiffs' motion. Defendants have not reviewed plaintiffs' proposed protective orders, because defendants intend to move to stay discovery and they believe it would be most efficient to address any issues relating to protective orders only if the Court denies defendants' motion to stay discovery. If the Court determines that it is appropriate to enter one or more protective orders at this time, despite defendants' forthcoming motion to stay discovery, then defendants respectfully request that the Court provide them with at least 10 days to review what plaintiffs have proposed so that defendants may raise any objections and/or offer alternative language, if necessary."

know whether defendants have any substantive objections to the proposed protective orders.

8. Consistent with this Court's Order and Rule 26(f), and their obligations to prosecute this case and prepare it for a decision on the merits, plaintiffs respectfully submit the proposed protective orders for the Court's consideration. The orders contain standard terms and are similar to others that have been entered previously in this District.

9. Entry of a proposed Fed. R. Evid. 502 order is considered a best practice. *See, e.g., TracFone Wireless, Inc. v. Adams*, No. 1:14-CV-24680, 2015 WL 6437434, at *1 (S.D. Fla. Oct. 20, 2015) ("[D]istrict courts in this district and others routinely enter such orders.") (collecting cases); *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 105 (S.D.N.Y. 2013) ("I will also enter an order pursuant to Rule 502(d) of the Federal Rules of Evidence, as I have in previous cases with significant document discovery, in order to alleviate the defendants' burden concerns by 'preclud[ing] the disclosure of privileged documents in this case from constituting a waiver of privilege or of work product protection.'") (citing *Fleisher v. Phoenix Life Insurance Co.*, No. 11 Civ. 8405, 2012 WL 6732905, at *4 (S.D.N.Y. Dec. 27, 2012)); *Goldstein v. F.D.I.C.*, 494 B.R. 82, 88 (D.D.C. 2013) ("I encourage the parties to meet and confer regarding whether a protective order under Federal Rule of Evidence 502(d) may suffice to

protect the privileged information."); *Chevron Corp. v. Weinberg Grp.*, 286 F.R.D. 95, 101 (D.D.C. 2012) ("I will gladly issue, on its application, an order pursuant to Rule 502(d) of the Federal Rules of Evidence that would alleviate any concern [respondent] has about such a disclosure constituting a waiver in any other state or federal proceeding.").

10. General protective orders – sometimes referred to as "umbrella" protective orders – have long been recognized by the Eleventh Circuit as appropriate to facilitate discovery, on a showing of good cause. *See In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355-57 (11th Cir. 1987). In addition, this Court specifically directed the parties to consider the need for a protective order for disclosure of protected health information, in its Order. Plaintiffs' proposed general protective order is both an umbrella protective order and accounts for disclosure of protected health information.

11. Plaintiffs respectfully submit that there is good cause for entry of both of the proposed protective orders. The Fed. R. Evid. 502 order will allow the parties to conduct discovery without the prospect of waiver of privilege or protection that would normally apply. The general protective order will allow the parties to conduct discovery on the matters in plaintiffs' complaint, including regarding information plaintiffs or defendants may contend is confidential or consists of protected health information.

12. Plaintiffs have informed defendants that they have no immediate intention of launching into full-scale discovery, such as conducting depositions, while the motion to dismiss is pending. However, plaintiffs believe the responsible and prudent course, consistent with their obligations referenced above and good case management, is for the parties to exchange initial disclosures, engage in other written discovery, and handle housekeeping matters such as moving for entry of protective orders to govern discovery in this case, without waiting on a ruling on the motion to dismiss.

Accordingly, plaintiffs respectfully request that the Court enter the attached proposed protective orders.

DATED: April 22, 2016                                   Respectfully submitted,

                                                        s/ Robert K. Spotswood

David B. Byrne, Jr.                                     Robert K. Spotswood
*Chief Legal Advisor*                                   Joshua K. Payne
Carrie Ellis McCollum                                   *Deputy Attorneys General*
*Deputy Legal Advisor*                                  SPOTSWOOD SANSOM &
OFFICE OF GOVERNOR ROBERT                               SANSBURY LLC
BENTLEY                                                 One Federal Place
Alabama State Capitol                                   1819 Fifth Avenue North, Suite 1050
600 Dexter Avenue, Suite NB-05                          Birmingham, Alabama 35203
Montgomery, Alabama 36130                               TEL: (205) 986-3620
TEL: (334) 242-7120                                     FAX: (205) 986-3639
FAX: (334) 242-2335                                     rks@spotswoodllc.com
pam.chesnutt@governor.alabama.gov                       jpayne@spotswoodllc.com
carrie.mccollum@governor.alabama.gov

*Attorneys for the Plaintiffs*

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on April 22, 2016, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide electronic notice to counsel of record.

                                  s/ Joshua K. Payne
                                  OF COUNSEL