FILED
2016 May-09 PM 01:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

STATE OF ALABAMA, et al.,

Plaintiffs,

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

Case No. 2:16-cv-00029-JEO

**OPPOSITION TO GOVERNMENT'S MOTION FOR LEAVE TO FILE A RESPONSE TO THE STATE'S SUR-REPLY REGARDING THE MOTION TO DISMISS**

The State of Alabama and the other plaintiffs respectfully oppose the government's motion for leave to file a response to the plaintiffs' sur-reply regarding the motion to dismiss (doc. 32).

In its proposed brief, the government agrees with Alabama's contention in its sur-reply that sovereign immunity does not prevent any of the State's claims. Doc. 32-1 at 3 (stating that the APA's waiver of sovereign immunity for non-monetary relief, 5 U.S.C. § 702, "applies to Plaintiffs' claims in this action.").

Instead of confining its brief to that clarification, however, the government goes on to make other points and cite to previously un-raised authority. Thus, in the proposed brief, the government perpetuates the error it committed in its reply that caused the State to obtain leave to file a sur-reply – namely, raising new arguments

and authorities not raised in the motion to dismiss. In any event, the government's new arguments are futile and are not supported by its cited authorities – new or old.

The government's core point in its proposed brief is that a plaintiff may never sue the government on an implied right of action. Doc. 32-1 at 4 ("[C]auses of action cannot be implied against the Federal Government; they must be express.") (citing Reply, doc. 23, 1-2). That is not a point the government made in its reply. In its reply, the government asserted that sovereign immunity, or a supposed absence of a waiver of sovereign immunity, was the State's hurdle. Doc. 23 at 1-2.

In its proposed brief, after conceding that there is no such hurdle to the State's claims here, the government takes the new position that Alabama – and any other individual or entity injured by the government's wrongdoing – is per se unable to sue unless the statute in question contains an express right of action. In support, the government cites three new cases. Doc. 32-1 at 4.

None of those cases supports the proposition for which the government cites them, that rights of action may never be implied against the government. The courts in two of the cases undertook the very implied-right-of-action analysis the government asserts this Court may not undertake. *Doe v. Attorney Gen. of U.S.*, 941 F.2d 780, 788-95 & n.15 (9th Cir. 1991), *abrogated on other grounds by Lane*

*v. Pena*, 518 U.S. 187 (1996),[1] (employing the *Cort v. Ash*, 422 U.S. 66, 78 (1975) factors, and focusing on the second factor (but not ignoring the others) because it was a case against the government, similar to the way *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) later did for all cases); *Dewakuku v. Martinez*, 271 F.3d 1031, 1034, 1037-40 (Fed. Cir. 2001) (employing same and following *Sandoval*).

Thus, the government may not rely on its quotes from those cases regarding a "silent" statute or legislative history. *See* doc. 32-1 at 4. Those cases were referring to the implied-right-of-action analysis under the *Cort* factors, and as Alabama demonstrated in its opposition brief, the Refugee Act's text, structure, and legislative history are far from silent on whether States have meaningful and enforceable consultation rights. Doc. 19 at 2-13.

In the third case, the court assumed there was an implied right of action for damages under the statute, but held there could not be such an action against the government for that particular claim – not because such actions may never be implied against the government, as the government contends in its proposed brief, but, rather, because there was no waiver of sovereign immunity for that claim. *Dorsey v. U.S. Dep't of Labor*, 41 F.3d 1551, 1554-55 (D.C. Cir. 1994) ("Even if there is an implied right of action for damages under Title VI, and thus under § 504

[1] In *Lane v. Pena*, the Supreme Court held that Congress had not waived the government's sovereign immunity against awards of monetary damages for violations of § 504(a) of the Rehabilitation Act of 1973, abrogating *Doe*'s holding to the contrary. 518 U.S. at 192-200.

[of the Rehabilitation Act of 1973], it cannot exist as against the federal government. The federal government's waiver of sovereign immunity must be 'unequivocally expressed' and the statutory provision containing the expression must 'establish unambiguously that the waiver extends to monetary claims.' . . . While private rights of action may be implied, waivers of sovereign immunity may not.") (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992)). As noted above, in its proposed brief, the government in this case concedes that sovereign immunity is waived as to all of Alabama's claims, so *Dorsey* does not apply. Doc. 32-1 at 3.

It is worth noting that none of the cases the government cited in its reply brief supports its proposition that rights of action may never be implied against the government, either. *See Ishler v. IRS*, 237 F. App'x 394, 397-98 (11th Cir. 2007) (per curiam) (dealing with waiver of sovereign immunity regarding state law money damages claims, not right of action issue); *United States v. Mitchell*, 445 U.S. 535, 542, 546 (1980) (declining to find implied right of action; because the General Allotment Act "created only a limited trust relationship between the United States and the allottee that does not impose any duty upon the Government to manage timber resources," the Act could not "be read as establishing that the United States has a fiduciary responsibility for management of allotted forest lands," and therefore "[a]ny right of the respondents to recover money damages for

Government mismanagement of timber resources must be found in some source other than that Act.");[2] *Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1053-1055 (5th Cir. 1993) (undertaking implied-right-of-action analysis, and declining to find an implied right of action for a number of reasons, including that there was no waiver of sovereign immunity in the particular statute); *Contour Spa at the Hard Rock, Inc. v. Seminole Tribe of Fla.*, 692 F.3d 1200, 1208-10 (11th Cir. 2012) (declining to find implied right of action against the tribe under the Indian Civil Rights Act, because the Supreme Court had already held that suits against the tribe under the Act were barred by its sovereign immunity).

For these reasons, plaintiffs respectfully request that the Court deny the government's motion for leave to file another brief in support of its motion dismiss.

[2] After remand, the case returned to the Supreme Court, which at that time found an implied right of action in a collection of other statutes and regulations. *United States v. Mitchell*, 463 U.S. 206, 228 (1983) ("We thus conclude that the statutes and regulations at issue here can fairly be interpreted as mandating compensation by the Federal Government for violations of its fiduciary responsibilities in the management of Indian property.").

DATED: May 9, 2016

Respectfully submitted,

s/ Robert K. Spotswood

Robert K. Spotswood
Joshua K. Payne
*Deputy Attorneys General*
SPOTSWOOD SANSOM & SANSBURY LLC
One Federal Place
1819 Fifth Avenue North, Suite 1050
Birmingham, Alabama 35203
TEL: (205) 986-3620
FAX: (205) 986-3639
rks@spotswoodllc.com
jpayne@spotswoodllc.com

David B. Byrne, Jr.
*Chief Legal Advisor*
Carrie Ellis McCollum
*Deputy Legal Advisor*
OFFICE OF GOVERNOR ROBERT BENTLEY
Alabama State Capitol
600 Dexter Avenue, Suite NB-05
Montgomery, Alabama 36130
TEL: (334) 242-7120
FAX: (334) 242-2335
pam.chesnutt@governor.alabama.gov
carrie.mccollum@governor.alabama.gov

*Attorneys for the Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 9, 2016, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide electronic notice to counsel of record.

s/ Joshua K. Payne
OF COUNSEL