# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

|  |  |
|---|---|
| STATE OF ALABAMA, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>*et al.*, )<br>)<br>Defendants. )<br> ) | Civil Action No.<br>2:16-cv-00029-JEO<br><br>**OPPOSED MOTION** |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' SUR-REPLY

Plaintiffs' sur-reply misconstrues Defendants' position, conflating a waiver of sovereign immunity with a cause of action. Thus, Plaintiffs respond to an argument Defendants have not made. Defendants submit this brief response to Plaintiffs' sur-reply to address the distinction between the two concepts, and to undo any confusion Plaintiffs' sur-reply may have sown.

Plaintiffs contend that Defendants have argued, for the "first time" in their reply in support of their motion to dismiss, that "Count I is due to be dismissed on sovereign immunity grounds." Pls.' Sur-Reply at 1-2 (ECF No. 27). Defendants, however, have not moved to dismiss Count I based either on the absence of a waiver of sovereign immunity or on any other jurisdictional grounds. *See* Defs.' Mot. to Dismiss (ECF No. 7) (moving to dismiss for failure to state a claim under

Federal Rule of Civil Procedure 12(b)(6), not lack of jurisdiction under Rule 12(b)(1)). Defendants instead assert that Plaintiffs do not have a cause of action against the Federal Government under the Refugee Act because a cause of action against the Federal Government must be express, and cannot be implied. *See, e.g.*, Reply Brief in Supp. of Defs.' Mot. to Dismiss ("Defs.' Reply"), at 1-2 (ECF No. 23). Because Plaintiffs' sur-reply does not address the cause-of-action issue (or any other argument Defendants have made), it contains nothing of relevance to resolving Defendants' motion to dismiss.

To maintain an action against the Federal Government, a plaintiff must identify both a waiver of sovereign immunity and a cause of action. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 483-84 (1994). As to each particular claim asserted against the Government, a waiver of sovereign immunity is required to confer jurisdiction over that claim. *Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015). A substantive cause of action is also necessary to support the claim. *F.D.I.C.*, 510 U.S. at 484 (if there has been a waiver of sovereign immunity, "the second inquiry … is[] whether [a] source of substantive law … provides an avenue for relief"). Although the same statute may satisfy both of these requirements, the requirements are "analytically distinct." *Id.*; *see, e.g.*, *Presidential Gardens Assocs. v. United States*, 175 F.3d 132, 139 (2d Cir. 1999); *Kasprik v. United States*, 87 F.3d 462, 465 (11th Cir. 1996) (explaining that Suits in Admiralty Act

2

provided a waiver of sovereign immunity but not a cause of action against the United States).

Plaintiffs' sur-reply addresses only the first of these requirements. But Defendants have never disputed that the waiver of sovereign immunity contained in 5 U.S.C. § 702, for claims "seeking relief other than money damages," applies to Plaintiffs' claims in this action. *See* Pls.' Sur-Reply at 4 n.1.[1] Accordingly, Defendants have not contested the Court's jurisdiction to decide *whether* Plaintiffs have a cause of action against the Federal Government. What Plaintiffs sur-reply does not address, and what Defendants have argued, is that Plaintiffs have failed to state a claim upon which relief may be granted, because neither the Refugee Act, nor any other provision of law cited in their Complaint, provides Plaintiffs with an express cause of action against the Federal Government to compel consultation.[2]

---

[1] Although this waiver of sovereign immunity was enacted as an amendment to the Administrative Procedure Act, the Eleventh Circuit has held that § 702 provides "a general waiver of sovereign immunity without a limitation on whether a cause of action under the APA is also pled." *See Fla. Marine Contractors v. Williams*, 2004 WL 964216, *2-3 (M.D. Fla. Apr. 22, 2004), citing *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1555 (11th Cir. 1985).

[2] Most of Plaintiffs' sur-reply is devoted to a discussion of the *Larson-Dugan* doctrine, which "permits suits to go forward alleging that a government[] official's actions were unconstitutional or beyond statutory authority," even in the absence of an applicable waiver of sovereign immunity, "on the grounds that such actions 'are considered individual and not sovereign actions.'" *Made in the USA Found. v. United States*, 242 F.3d 1300, 1308 n.20 (11th Cir. 2001). Even assuming the continued vitality of this doctrine since Congress enacted the waiver contained in 5 U.S.C. § 702, *but see, e.g.*, *E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1085 (9th Cir. 2010), the doctrine has no bearing on this case, because (1) Defendants do not contest that § 702's waiver of sovereign immunity applies to Plaintiffs' claims, and (2) the *Larson-Dugan* doctrine does not address whether a cause of action exists against the Federal Government, the problem at issue here.

3

In an effort to address the cause-of-action problem underlying Count I of the Complaint, Plaintiffs rely solely on their assertion that the Refugee Act creates an implied cause of action. But, as Defendants have explained, causes of action cannot be implied against the Federal Government; they must be express. *See* Defs.' Reply at 1-2 (citing cases). In other words, "[i]nquiring whether Congress intended to provide a private right of action against the United States . . . is distinct from the similar task of determining whether a statute provides a general private right of enforcement." *Doe v. Attorney Gen. of U.S.*, 941 F.2d 780, 788 (9th Cir. 1991), *disapproved of on other grounds by Lane v. Pena*, 518 U.S. 187 (1996). Courts may infer from a statute a cause of action against a defendant other than the Federal Government. *Id*. at 789. But "[a] silent statute and silent legislative history . . . cannot justify implying a private right of action against the United States because Congress must unequivocally express its intent to create such a right." *Id*.; *see, e.g.*, *Dewakuku v. Martinez*, 271 F.3d 1031, 1038 (Fed. Cir. 2001) ("[U]nlike cases where an implied private right of action is found against a non-government defendant, courts consistently refuse to imply a private right of action against the government when the statute or legislative history is silent on the subject."); *Dorsey v. U.S. Dep't of Labor*, 41 F.3d 1551, 1554-55 (D.C. Cir. 1994) ("Even if there is an implied right of action for damages under Title VI, . . . it cannot exist as against the federal government."). While this requirement is based

on the same principles that also require waivers of sovereign immunity to be express, *see* Defs.' Reply at 1-2 (which is perhaps the reason for Plaintiffs' confusion), the inquiries are "analytically distinct." *F.D.I.C.*, 510 U.S. at 484.[3]

Because Plaintiffs concede that the Refugee Act does not contain an express cause of action against the Federal Government, Count I should be dismissed for failure to state a claim. Moreover, as Defendants have already explained, even if courts could infer a cause of action against the Federal Government, the Refugee Act provides no basis for doing so. *See* Defs.' Reply at 2-6.

Dated: May 31, 2016                    Respectfully submitted,

                                                               BENJAMIN C. MIZER
                                                               Principal Deputy Assistant Attorney
                                                               General

                                                               JOYCE WHITE VANCE
                                                               United States Attorney

                                                               JOSEPH H. HUNT
                                                               Director

                                                               SHEILA M. LIEBER
                                                               Deputy Director

---

[3] In Count II of their Complaint, Plaintiffs rely on the APA, which in addition to expressly waiving sovereign immunity for claims "seeking relief other than money damages," 5 U.S.C. § 702, also contains an express cause of action for persons "suffering legal wrong because of agency action," *id*. *See Norton v. Southern Utah Wilderness All.*, 542 U.S. 55, 61 (2004); *Dickerson v. EPA*, 834 F.2d 974, 977 (11th Cir. 1987). As Defendants have explained, however, Plaintiffs cannot satisfy the requirements for their APA cause of action. *See* Mem. in Supp. of Defs.' Mot. to Dismiss, at 15-18 (ECF No. 7-1).

ANTHONY J. COPPOLINO
Deputy Director

JAMES J. GILLIGAN
Special Litigation Counsel

　*/s/ Michelle R. Bennett*
MICHELLE R. BENNETT
STUART J. ROBINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, D.C.  20530
Tel: (202) 305-8902
Fax: (202) 616-8470
Email: michelle.bennett@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to all parties.

                                               */s/ Michelle R. Bennett*
                                               MICHELLE R. BENNETT