IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:16-cv-00029-JEO |
| ) | |
| ) | **ORAL ARGUMENT** |
| UNITED STATES OF AMERICA, et al., ) | **REQUESTED** |
| ) | |
| Defendants. ) | |

## RESPONSE TO GOVERNMENT'S NOTICE OF SUPPLEMENTAL AUTHORITY

The State of Alabama and the other plaintiffs in this case respectfully disagree with the June 15, 2016 Order of the District Court for the Northern District of Texas, doc. 41-1, for the reasons stated in plaintiffs' briefing. *See* doc. 19.

Alabama files this response to demonstrate that the Order is distinguishable and, even if considered persuasive by this Court, is not grounds for dismissal of this case. First, the Texas Court did not decide whether Texas had "stated a plausible violation of the Refugee Act." Doc. 41-1 at 6. Not only has Alabama done so here by alleging a complete failure on the government's part to consult at all; the government has apparently conceded that at a minimum ORR is violating federal

law by failing to consult with States prior to placement of refugees as required by the Act. *See, e.g.,* doc. 19 at 17-19 & n.6.

Second, the Texas Court did not address what has become the government's lead argument in this case – that rights of action against the government must always be express. *Cf.* doc. 41-1 at 8 n.2. As Alabama demonstrated to this Court, sovereign immunity presents no hurdle to the State's claims, and the government's assertion that rights of action against it may never be implied is not supported by its cited authorities. *See* docs. 27 & 34.

Third, under implied-right-of-action analysis, the Texas Court's finding that the Refugee Act contains no "right- or duty-creating language typically associated with an implied cause of action," doc. 41-1 at 8-9, is contrary to Eleventh Circuit precedent holding that when a statute's focus is on the "'the [S]tates themselves,'" (as opposed to merely their laws), it "'identifi[es] a class of persons or entities protected under the statute'" – here, the States – and therefore contains rights-creating language. Doc. 19 at 3 (quoting *Alabama v. PCI Gaming Auth.*, 801 F.3d 1278, 1297 (11th Cir. 2015)).

Fourth, even on the Texas Court's reading of *California Wilderness Coalition v. U.S. Dep't of Energy*, 631 F.3d 1072 (9th Cir. 2011) and *Salmon Spawning & Recovery Alliance v. U.S. Customs & Border Protection*, 550 F.3d 1121 (Fed. Cir. 2008), suggesting that a failure to consult may give rise to an APA

claim only when another agency action subsequent to that failure is also challenged, doc. 41-1 at 12-13, Alabama's APA claims are due to proceed, because Alabama challenges the government's placement of refugees within its borders absent the statutorily required advance consultation. *See, e.g.,* Compl., 14 ¶ C (seeking "declaration that the Defendants may not place refugees within the State of Alabama unless and until they have fulfilled those consultation duties and obligations to the State of Alabama").

Finally, Alabama brings claims under the Mandamus Act. Texas did not do so, and thus the Texas Court had no occasion to consider whether that Act provides a remedy for States whose consultation rights are being violated.

For these reasons, and those set forth in their prior briefing, plaintiffs respectfully submit that this Court may comfortably find there is a remedy for the government's apparently admitted, repeated, and ongoing violations of the Refugee Act of 1980, as amended.

DATED: June 17, 2016                                Respectfully submitted,

                                                                           s/ Robert K. Spotswood

| | |
|---|---|
| David B. Byrne, Jr. | Robert K. Spotswood |
| *Chief Legal Advisor* | Joshua K. Payne |
| Carrie Ellis McCollum | *Deputy Attorneys General* |
| *Deputy Legal Advisor* | SPOTSWOOD SANSOM & |
| OFFICE OF GOVERNOR ROBERT BENTLEY | SANSBURY LLC |
| | One Federal Place |
| Alabama State Capitol | 1819 Fifth Avenue North, Suite 1050 |
| 600 Dexter Avenue, Suite NB-05 | Birmingham, Alabama 35203 |
| Montgomery, Alabama 36130 | TEL: (205) 986-3620 |
| TEL: (334) 242-7120 | FAX: (205) 986-3639 |
| FAX: (334) 242-2335 | rks@spotswoodllc.com |
| pam.chesnutt@governor.alabama.gov | jpayne@spotswoodllc.com |
| carrie.mccollum@governor.alabama.gov | |

                                                        *Attorneys for the Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on June 17, 2016, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide electronic notice to counsel of record.

                                          s/ Joshua K. Payne
                                          OF COUNSEL